## WILLIAM SWAIN v. JEHU EVANS.

Supreme Court. November 18, 1796.

*Wilson's Red Book, 135.**

---

* This case is also reported in *Rodney's Notes*, November, 1796.

*Peery* and *Wilson* for plaintiff. *Ridgely* and *Hall* for defendant.

Plaintiff showed a patent for "Cimey's Desire," and proved the boundary of it by the name of "Kimey's Desire," and possession for 37 [or] [2] 38 years by plaintiff. He offered to prove by Mr. Stayton, who had run from this boundary for him, how far and in what manner the lines mentioned in the patent will actually go; but on argument the court refused this evidence, and JUDGE JOHNS said the survey itself by Mr. Stayton would not be evidence, and that was better than this evidence.

Plaintiff then proved the line by a school house set upon it and the trespass within the line.

Defendant's counsel insisted that there was a variance between the proof and *narratio,* and that there may be another tract called "Kimey's Desire." [3]

That plaintiff had shown no freehold in himself, which every plaintiff must do who names the close in his *narratio,* 2 Esp.N.P. 92, *Martin v. Risterton.*

Plaintiff's counsel denied the last mentioned as abridged by Espinasse to be law; that the author was then only stating that if plaintiff does not name his close, the defendant may plead *liberum tenementum* and show a freehold in any close in the vill, and plaintiff must new assign; but if plaintiff names the close in his writ and *narratio,* defendant cannot plead a freehold in any other close. That the place in the writ and *narratio* was only to ascertain the place in point of locality, that lessee for years might do it, and yet if he must show a freehold he could never maintain trespass. That part of the trespass which was committed five years before the bringing the writ was when the Statute of Limitations for six years was in force and is expressly saved under a clause in the present act for three years.

BASSETT, C. J. The issues in this cause, etc. *ut ante.* The declaration is of a trespass on "Kimey's Desire." The argument

---

[2] Manuscript reads, "and."

[3] Manuscript here reads, "Kimmy's desire." But see Note 1, above.

for defendant has been that plaintiff has not proved a cutting on "Kimey's Desire" and therefore has failed. He states that the patent gives it a different name, to wit, "Cimey's Desire" which has been pronounced "Simey's Desire" (here it was understood that JOHNS thought the patent name well enough pronounced "Kimey's Desire.") There is no doubt but two tracts of land might have been taken up by these different names. But there is no difference of opinion in this, that the law is truly stated to you, though shortly, out of 2 Esp.N.P. 92, and the case in 2 Bl.R. 1089 is in direct confirmation of it. The plaintiff may bring his action specially or generally. If generally and the defendant pleads the common bar, plaintiff must new assign, and the only plea is *non culpa* to it, though in the nature of a new declaration. But if plaintiff gives it a name in the writ and *narratio,* defendant cannot vary from it. If you are of opinion the trespass was committed within the bounds of that land, your verdict should be for the plaintiff.

Verdict for sixpence, and sixpence costs besides costs expended.